IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| RYAN GITTENS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:12-CV-173-CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| ERIC HOLDER, JANET NAPOLITANO,: | | |
| FELICIA SKINNER, and MICHAEL | : | |
| SWINTON, | : | |
| | : | |
| Respondents. | : | |

_____

## RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondents' motion to dismiss, filed on February 4, 2013.[1] (ECF No. 13.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner challenged the legality of his detention by the Immigration and Customs Enforcement agency. (Pet. for Writ of Habeas Corpus, ECF No. 1.) Petitioner was subsequently released from custody under an order of supervision pending his deportation. (ECF No. 35.)

In the original motion to dismiss, the Respondents argued that Petitioner's continued detention was proper pursuant to 8 U.S.C. § 1226(c). Thereafter, on February 15, 2013, the Respondents filed a Supplemental Memorandum in Support of their Motion to Dismiss claiming that Petitioner's removal order is now final and as such, his claims

---

[1] Petitioner has filed a second case which was transferred to this Court from the United States District Court for the Eastern District of New York on March 6, 2013. *See* Case No. 4:13-cv-58 (CDL). That case has been consolidated with this action. *See id.;* Text Only Order of Consolidation, May 30, 2013.

under *Zadvydas* were premature when filed. Petitioner responded to that motion on February 25, 2013. (ECF NO. 27.)

## PETITIONER'S CLAIMS

Petitioner originally contended that he was being illegally held by the Immigration and Customs Enforcement Agency ("ICE") and the Department of Homeland Security ("DHS") since being taken into custody on September 6, 2011. (Pet. for Hab. Corp. 1, ECF No. 1.)

## BACKGROUND

At the time Petitioner filed his habeas petition, he was being detained by the Immigration and Custom Enforcement (ICE) at the Stewart County Detention Center in Lumpkin, Georgia. (ECF No. 1) Petitioner is a native and citizen of Barbados who alleges he entered the United States in 1984 as a legal permanent resident. (*Id.*) On July 13, 2001, Petitioner was indicted and an arrest warrant issued against him from the District Court of Idaho to answer a superseding indictment charging him with violation of 21 U.S.C. §§ 846, 841(b)(1)(A), 841(a)(1), and 853 for possession and conspiracy to distribute cocaine and forfeiture. *See United States v. Gittens, a/k/a "Fury," et. al.*, United States District Court, District of Idaho, Case No. 1:01-cr-52-BLW-15. After five years of being a fugitive from the law, Petitioner turned himself into the authorities in England and was extradited back to the United States. (Resp'ts' Ex. C.) On August 17, 2007, Petitioner was found guilty under 21 U.S.C. § 841(a)(1) for conspiracy to distribute a controlled substance and was sentenced to 63 months. (Resp'ts' Ex. D).

On November 14, 2008, a Notice to Appear ("NTA") was issued and Petitioner was served with said NTA on June 8, 2011. (Resp'ts' Ex. E). The NTA charged that Petitioner was removable because he was convicted of a crime of moral turpitude and was convicted of a crime relating to trafficking in a controlled substance. (*Id.*) On January 30, 2012, Petitioner was ordered to be removed by an Immigration Judge. (Resp't's Ex. F.) Petitioner then filed an appeal with the Board of Immigration Appeals ("BIA") wherein the BIA remanded the case for the Immigration Judge to execute a full written order. (Resp't's Ex. G.) On September 4, 2012, the Immigration Judge issued a full written order. (Resp't's Ex. H.) On February 8, 2013, the BIA dismissed Petitioner's appeal, thus making the Immigration Judge's decision to remove Petitioner administratively final. (Resp'ts' Supplement to their Mot. to Dismiss, Ex. A; ECF No. 26.)

## DISCUSSION

### I. Detention Prior to Final Removal Order

Section 236(c) of the Immigration and Nationality Act, 8 USC § 1226(c), directs the Attorney General to take into custody any alien who is removable from this country because he has been convicted of at least one of a specified set of crimes.[2] The alien may

---

[2] (1) Custody
The Attorney General shall take into custody any alien who—
    (A) is inadmissible by reason of having committed any offense covered in section 1182 (a)(2) of this title,
    (B) is deportable by reason of having committed any offense covered in section 1227 (a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
    (C) is deportable under section 1227 (a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [1] to a term of imprisonment of at least 1 year, or

not be released during removal proceedings, which includes judicial review of the administrative removal order. *See* 8 U.S.C. § 1226(c)(1). The statute states that it is immaterial whether the alien is not a danger to society or a flight risk. *Id.*

In this case, when Petitioner filed the current application for habeas corpus relief, his order of removal was not administratively final. The United States Supreme Court has upheld the validity of mandatory detention of aliens during removal proceedings. In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court flatly rejected a detained alien's constitutional attack on the validity of section 236(c) of the Act, which provides for the mandatory detention (without a bond hearing) of certain criminal aliens. The alien in *Demore* was a lawful permanent resident, who complained that section 236(c) violated the Due Process Clause of the Fifth Amendment because it requires detention without an administrative determination that the alien is a danger to society or a flight risk. *Id.* at 514. The Supreme Court squarely held that section 236(c) was valid. *Id.* at 531. "Detention during removal proceedings is a constitutionally permissible part of that process." *Id.* The Court noted that, while the Fifth Amendment entitles aliens to the protection of due process in deportation proceedings,

> [the] Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process. As [the Court] said more than a century ago, deportation proceedings "would be vain if those accused could not be held in custody pending the inquiry into their true character."

---

(D) is inadmissible under section 1182 (a)(3)(B) of this title or deportable under section 1227 (a)(4)(B) of this title,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

4

*Demore*, 538 U.S. at 523 (citations omitted). As the Court explained, "Such detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528. Therefore, because he had been convicted of a crime of moral turpitude and was convicted of a crime involving trafficking of a controlled substance at the time he filed his application, Petitioner's petition failed to state a cognizable claim for habeas corpus relief.

### III.     Detention After Final Removal Order

As stated above, the BIA's dismissal of Petitioner's Appeal of the Removal Order on February 8, 2013, made the removal order administratively final. Petitioner's detention by the INS pending removal from the United States is thus governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). Under this provision, the Attorney General is afforded a ninety-day period to accomplish an alien's removal from the United States following the entry of a final order of deportation or removal. INA § 241(a)(1)(A)-(B); 8 U.S.C. § 1231(a)(1)(A)-(B). During the 90-day period, Congress has mandated detention of the alien ordered removed. INA § 241(a)(2); 8 U.S.C. § 1231(a)(2). Additionally, the ninety-day removal period may be extended "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court found

that section 241(a) of the INA authorizes detention after entry of an administratively final order of deportation/removal for a period "reasonably necessary" to accomplish the alien's removal from the United States. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal. *Id*. at 701. The six month presumption does not mean that every detainee not removed within the time period must be released. To the contrary, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonable foreseeable future. *Zadvydas*, 533 U.S. at 701. The Court of Appeals for the Eleventh Circuit has specifically held that to be released pursuant to the ruling in *Zadvydas*, an alien must show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (internal quotation marks and citation omitted).

In this case, Petitioner's removal order became final for administrative purposes on February 8, 2013. Pursuant to *Zadvydas*, detention of Petitioner is authorized for six months following the date Petitioner was ordered removed. Because that six month time has not elapsed in this case, Petitioner's request for habeas relief in the form of immediate release would have been premature. *See Gozo*, 309 F. App'x at 346.

IV.  **Mootness of Petition**

As of May 20, 2013, Petitioner has been released from custody and is awaiting

deportation. (Mot. for Change of Venue due to Change of Address; ECF No. 35.) "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody. (Pet. for Writ of Habeas Corpus 2.) Petitioner has been released from the physical custody of ICE. (Mot. to Dismiss Ex. A.) Furthermore, Petitioner is not contesting the conditions of his supervised release such that this Court could maintain jurisdiction over his habeas petition. *See Alvarez v. Holder*, Nos. 10-13907, 10-14056, 2011 WL 6187122 (11th Cir. Dec. 14, 2011); *see also* Mot. to Dismiss Ex. A. Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

## V.  Pending Motions

Pending in this case are several motions filed by Petitioner. (ECF Nos. 13, 21, 22, 24.) Specifically, Petitioner has filed a Motion for Summary Judgment (ECF No. 13), a Motion Under Administrative Procedure Act and Mandamus Statute (ECF No. 21), a Motion to Amend his petition to add a claim for deliberate indifference (ECF No. 22), and a Motion to Reconsider its order denying his previous motion to reconsider this Court's revised order to answer (ECF No. 24).

For the reasons stated hereinabove, Petitioner's claims for relief are now moot. As such, the pending motions in this case should also be denied for mootness.

## CONCLUSION

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for writ of habeas corpus be DISMISSED as MOOT without prejudice to his right to file a new § 2241 petition in the future if a change in his circumstances occurs. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 26th day of June, 2013.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE